UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ENIT D. SANTANA,

             Plaintiff,                     Civil No. 10-1714 (DRD)

MICHAEL J. ASTRUE, COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION,

             Defendant.

## OPINION AND ORDER

Pending before the Court is plaintiff Enit T. Santana's ("Santana") request for Social Security benefits for the period of October 4, 2000 through December 31, 2005. *See* Docket No. 1. She claims to be incapacitated due to cervical pain, musculoskeletal pain and nervous disorder. The burden is on the plaintiff to prove that she is disabled within the meaning of the Act. *Rodríguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1st Cir. 1987); *Reyes Robles v. Finch*, 409 F.2d 84 (1st Cir. 1969). The claim must satisfy the requirements of sections 216(i) and 233(d) of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Santana duly filed a *Memorandum of Law*, Docket No. 9. The Commissioner of the Social Security Administration ("Commissioner") duly answered the *Complaint*, and filed a *Memorandum of Law*, Docket entries No. 5 and 11. The Commissioner requests that the decision issued by the Administrative Law Judge ("ALJ") be affirmed, as the ALJ denied Santana's request on the grounds that Santana was not disabled prior to December 31, 2005. The Court referred this matter to the United States Magistrate Judge McGiverin ("Magistrate Judge") for a report and recommendation, Docket No. 12.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Thus, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the

unobjected  legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for  "plain  error"); *Nogueras-Cartagena  v.  United  States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge issued a *Report and Recommendation* on May 19, 2011.  *See* Docket No. 15.  The Magistrate Judge granted the parties fourteen (14) days to object the *Report and Recommendation*, from its receipt.  The record shows that, as of this date, the *Report and Recommendation* stands unopposed.

### Analysis

In the instant case, the Magistrate Judge recommended that Santana's request for judicial review be denied, as the ALJ determination, as well as the Commissioner's decision on appeal was based on substantial evidence.  *See Report and Recommendation*, Docket No. 15.  The Magistrate Judge followed a five step sequential evaluation process to be applied in making a final determination as to plaintiff's being eligible to be determined disabled under the law. *Bowen v. Yuckert*, 482 U.S. 136, 140-142 (1987). *See* Docket No. 15, p.p. 2-3.  The critical analysis involved a five step evaluation process, as provided in 20 C.F.R. § 404.1520.  When considering the fourth step, the ALJ considered the assessment of the Residual Functional Components, RFC, and the past relevant work performed by Santana.  Should Santana still be

able to perform with the past relevant work, then the ALJ will find that Santana is not disabled under 20 C.F.R. § 404.1520(e). The plaintiff must carry the burden of proving that she cannot return to her past working conditions because of the disability. *Santiago v. Secretary of Health and Human Services*, 944 F.2d 1, 5 (1ˢᵗ Cir. 1991). Once the disability is proved, then the Commissioner must prove the existence of other jobs in the national economy that Santana can perform. *Ortiz v. Secretary of Health and Human Services*, 890 F.2d 520, 524 (1ˢᵗ Cir. 1984).

The function of the reviewing court is limited to determining whether substantial evidence supports that Santana was not disabled. *Rodríguez Pagán v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1ˢᵗ Cir. 1987). The Magistrate Judge concluded that substantial evidence supported that Santana was not disabled. The Court agrees and briefly explains.

The Administrative Law Judge Theodore W. Grippo rendered his decision on January 25, 2008 (Tr. 11-29). The decision determined that Santana was not disabled within the meaning of the Act. The ALJ further found that Santana's "back disorders, mild tendinosis of the right shoulder, and affective disorders were severe impairments." *See* Docket No. 15, p. 13. Further, Santana's "pain and migraine headaches were amenable to treatment and had been stabilized with conservative treatment with oral medications, and that claimant [Santana] had shown significant improvement form ongoing psychiatric treatment for a depressive disorder." *Id.* (Tr. 20). Further, the ALJ determined that Santana "was moderately restricted in daily living activities, social functioning, and concentration, persistence, or pace, with no episodes of decompensation." *Id.* However, the ALJ determined that Santana "had the physical RFC to perform all types of medium work except climbing . . . as [Santana] could lift/carry 50 pounds occasionally and 25 pounds frequently; sit, stand, or walk for 6 hours in an 8-hour workday; had

no limitation in pushing, pulling, handling, fingering, feeling, grasping, or pinching; had diminished strength but full range of motion; and had no postural, visual, communicative, or environmental limitations." *See* Docket No. 15, p. 13.  The ALJ further determined that Santana "had the mental RFC to learn, understand, remember, and carry out simple but not detailed or complex job instruction; to sustain attention, concentration, and pace during a regular workday or workweek; to complete a normal workday and/or workweek without undue interruptions; to respond appropriately to supervisors, coworkers, and usual work situations; and to deal with work changes in a routine work setting." *See* Docket No. 15, p. 14 (Tr. 20-21, 28).

The ALJ did not find that Santana's "testimony about the symptoms' intensity, persistence, and limiting effects was not entirely credible." *See* Docket No. 15, p. 14.  Further, the ALJ observed Santana's "demeanor and behavior during the hearing and noted that his observations were only one factor among many he relied on in reaching his conclusion about the credibility of her testimony and her RFC." *Id.*  (Tr. 27).

The above conclusions of the ALJ were founded on the record based on the testimony, medical records, and reports from Doctors Rivera, Arnau, Hernández, Bruguers, López and Llona, the SIF reports, physician reports, such as, neurological evaluation (Dr. Hernández), arthritis evaluation (Dr. Brugueras).    *See* Docket No. 15, p. 14.  Further, the ALJ found the VE's testimony reliable as to the opinion that Santana "could do her prior work." *Id.*  Finally, the ALJ did not "give controlling weight or deference to Dr. López' opinion evidence because it was disproportionate in severity to the preponderance of the record evidence . . ." *Id.*

The conclusion of the ALJ was that "the objective medical evidence of record did not support claimant's [Santana] allegations of severe, disabling pain in the cervical and lumbar

regions with limitation of motion,  hand pain, and associated numbness and lack of strength, as

the preponderance of medical evidence did not show diagnostic studies or lab findings to support

such allegations." *See* Docket No. 15, p. 15.  Moreover, the ALJ noted that Santana "had been

treated conservatively with oral medications and physical therapy, which evidently relieved her

symptoms, without requiring hospitalization, ER treatment, or surgery." *Id.* (Tr. 28).  The ALJ

also concluded that "the psychiatric evidence showed that claimant was not mentally

dysfunctional, as the preponderance of evidence describes her as alert, logical, coherent,

relevant, and mostly oriented, with mostly preserved cognitive functioning save for some

memory and concentration limitations." *Id.*  The ALJ also noted "that Santana's treatment had

been conservative, without psychiatric hospitalization, and that she was able to care for her

personal needs and perform definite activities of daily living." *Id.* "Based on this evidence, the

ALJ concluded that claimant's depressive disorder was moderate and did not preclude her from

performing basic work activities, and that from the non-exertional standpoint, claimant retained

the ability to perform simple tasks." *Id.*  "The ALJ determined that at most, the evidence showed

that claimant's depression imposed only moderate restriction on activities of daily living, social

functioning, and maintaining concentration, persistence, or pace." *Id.*

Accordingly, the ALJ determined that "Santana was not disabled within the meaning of

the Act at any time from October 4, 2000, the alleged disability onset date, through

December 31, 2005, the date last insured."[1]  *See* Docket No. 15, p. 15.  Because Santana's

---

[1]      Santana contests that the ALJ should have provided more weight to the treating medical sources provided
by her over the non-treating sources.  However, non-treating sources may be provided more weight in appropriate
circumstances.  *Rodríguez Pagán*, 819 F.2d at 3; *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127,
130 (1st Cir. 1981).

request was denied on May 20, 2010, the decision of the ALJ became the final decision of the

Commissioner. *Id.*

The Court not having received any objection to the *Report and Recommendation* finds

that the above determinations of fact and conclusions of law examined under the standard of

"plain error" are justified as they are based upon substantial evidence, as correctly found by the

Magistrate Judge in his *Report and Recommendation*.   The facts stated herein are based on

medical reports, records, evaluations and reasonable exercise of credibility and weight of

testimony.[2]   In sum, the Court finds that the record contains sufficient substantive evidence in

support of the ALJ's determination, and the Commissioner's decision.

### Conclusion

For the reasons set forth above, the Court hereby adopts the *Report and Recommendation*

issued by Magistrate Judge McGiverin, Docket No. 15, and finds that Santana was not disabled

during the period of October 4, 2000 through December 31, 2005, which warrants the dismissal

of the instant *Complaint*.   Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2011.

S/DANIEL R. DOMINGUEZ
Daniel R. Domínguez
United States District Judge

---

[2]   The Court also agrees with the *caveat* of the Magistrate Judge McGiverin to the effect that "the evidence
may have justified a different conclusion, [but] "it is not this court's duty to second guess the Commissioner's
determination." *See* Docket No. 15, p. 19.   "Because substantial evidence supports the ALJ's determination, the
Commissioner's decision must be affirmed." *Id.*